Case No. 22-6055

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

Patricio Jara,

*Plaintiff-Appellant,*

v.

TENNESSEE STATE UNIVERSITY

*Defendant-Appellee.*

On Appeal from the United States District Court
For the Middle District of Tennessee at Nashville

District Court No. 3:20-cv-00131

**REPLY BRIEF OF APPELLANT PATRICIO JARA**

ROBERT C. BIGELOW, ESQ.
BIGELOW LEGAL, PLLC
4235 HILLSBORO PIKE, SUITE 301
NASHVILLE, TENNESSEE 37215
(615) 829-8986
*Counsel for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................iii

ARGUMENT.........................................................................................1

    I.    Defendant ignores three undisputed facts that, when viewed as a whole, should be dispositive...........................................................................1

    II.    Jara preserved his objection to the jury verdict form and jury instructions because counsel and the District Court engaged in significant discussions debating the correctness of the instructions and verdict form, or in the alternative, the district court committed plain error..................................................................................2

        a. Jara preserved his objection to the jury verdict form and instructions by filing proposed jury verdict form and instructions and later a motion to amend jury instructions, both times after which counsel and the district court had in-depth discussions...........................................................2

        b. Alternatively, the district court committed plain error by denying Jara's proposed jury instructions and jury verdict form because................9

CONCLUSION.....................................................................................10

# TABLE OF AUTHORITIES

EEOC v. New Breed Logistics, 783 F.3d 1057, 1075 (6th Cir. 2015)............passim

Goostree v. Tennessee, 796 F.2d 854, 862, 862 n. 3 (6th Cir. 1986)..................3

Gradsky v. Sperry Rand Corp., 489 F.2d 502 (6th Cir. 1973).................passim

Moore v. Tennessee, 267 Fed. Appx. 450 (6th Cir. 2008)..........................2, 10

Murphy v. Owens-Illinois, Inc., 779 F.2d 340 (6th Cir. 1985)........................2

Reynolds v. Green, 184 F.3d 589, 594 (6th Cir. 1999)................................9

Roberts v. City of Troy, 773 F.2d 720 (6th Cir. 1985).................................3

Transcontinental Leasing, Inc. v. Michigan Nat'l Bank, 738 F.2d 163 (6th Cir. 1984)........................................................................passim

Woodbridge v. Dahlberg, 954 F.2d 1231 (6th Cir. 1992).......................passim

Fed. R. Civ. P. 51..............................................................passim

## ARGUMENT

**I.     Defendant ignores three undisputed facts that, when viewed as a whole, should be dispositive.**

Plaintiff recognizes that overturning a jury verdict is not any easy task. ***However, while arguing that Plaintiff failed to paint a complete picture, Defendant ignores three extremely important, undisputed facts:***

> *1. In contrast to Dr. Jara's application, the application submitted by Dr. Nolan McMurray, who did not previously work at TSU, did not show that Dr. McMurray had secured any external funding.* See id. at # 1543.
> *2. Per TSU policy, when looking for a department chair, there must first be an internal search and there was not.* See id. at #1511-17; See also Plaintiff's Trial Exhibit 23, TSU Search Policy, and,
> *3. Amazingly, Dr. Jackson, the head of the search committee, testified that* the only reason *Dr. Jara did not meet the "leadership requirement" was because he once signed a timesheet in print and not cursive and that "we have always had to use cursive writing with time sheets and any official documents."* See id. at #1993-94.[1]

As a matter of law, not signing a timesheet in cursive cannot not be the only reason that someone does not meet a "leadership requirement" or the sole reason that Dr. Jara did not get even an interview (or, for that matter, a promotion).

---

[1] **Question: So, ultimately, this (the "leadership" qualification you claim that Dr. Jara didn't meet) came down to Dr. Sharpe wanting a professor to sign in cursive and not print?**

**Answer: Yes, because – let me mention this: Any official documents in the past, we have not – - a signature was not considered printing your name. We have always had to use cursive writing with time sheets and any official documents.** See id. (emphasis added).

1

**II.     Jara preserved his objection to the jury verdict form and jury instructions because counsel and the District Court engaged in significant discussions debating the correctness of the instructions and verdict form, or in the alternative, the district court committed plain error.**

"At the close of the evidence or at any earlier reasonable time that the court orders, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give…After the close of the evidence, a party may file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court sets for requests." Fed. R. Civ. P. 51(a)(2)(A). Rule 51's requirements also apply to jury verdict forms. Moore v. Tennessee, 267 Fed. Appx. 450, 454 (6th Cir. 2008).

  **a. Jara preserved his objection to the jury verdict form and instructions by filing proposed jury verdict form and instructions and later a motion to amend jury instructions, both times after which counsel and the district court had in-depth discussions.**

"A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). Generally, the Sixth Circuit requires that a formal objection to the jury instructions is made both before and after the jury charge is read. Woodbridge v. Dahlberg, 954 F.2d 1231, 1237 (6th Cir. 1992) (citing Murphy v. Owens-Illinois, Inc., 779 F.2d 340, 345-46 (6th Cir. 1985)). The Sixth Circuit recognizes ***an exception to this general rule*** if "it is plainly apparent from the discussion between the parties and the judge that the judge was aware of a party's

2

dissatisfaction with the instruction, as read to the jury, and the specific basis for that claimed error or omission." Id. (citing Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985)); see also Fed. R. Civ. P. 51 advisory committee's notes to 2003 amendments ("Many cases hold that a proper request for a jury instructions is not alone enough to preserve the right to appeal failure to give the instruction…[Fed. R. Civ. P.] (d)(1)(B) establishes authority to review the failure to grant a timely request, despite a failure to add an objection, when the court has made a definitive ruling on the record rejecting the request."); Gradsky v. Sperry Rand Corp., 489 F.2d 502, 503 (6th Cir. 1973) ("Rule 51…does not require formal objections, but the Rule is satisfied only if it is clear that the judge was made aware of the possible error in or omission from the instructions.").

An objection to jury instructions or jury verdict form is preserved when counsel brings the party's specific issue with the charge to the court's attention, and the court makes a definitive ruling on the issue. See Gradsky, 489 F.2d at 503; Goostree v. Tennessee, 796 F.2d 854, 862, 862 n. 3 (6th Cir. 1986); Transcontinental Leasing, Inc. v. Michigan Nat'l Bank, 738 F.2d 163, 167 (6th Cir. 1984); Woodbridge, 954 F.2d at 1235-36; EEOC v. New Breed Logistics, 783 F.3d 1057, 1075 (6th Cir. 2015).

In Gradsky, this Court held that the appellant's objection to the court's charge was preserved under Rule 51 even though there was no formal objection because he

3

made "detailed requests for jury instructions and…written objections to the defendant's requested jury instructions." 489 F.2d at 503. This Court explained that Rule 51's requirements were met because "[t]he [district] court, insofar as the instructions were covered by the appellant's proposals and objections to the appellee's proposals, was aware of the appellant's objections to the charge as given." Id. Similar, this Court in Goostree, relying on Gradsky, held the objection to the instruction was preserved because the appellant proposed an instruction, and "the district court specifically refused to include her proposed instruction," such that "she is not barred from asserting such as error on appeal." 796 F.2d at 862, 862 n. 3. In Transcontinental Leasing, this Court held the objection was preserved for appeal, despite the plaintiffs' argument that the defendant did not formally object to the charge, because "the defendant registered an objection to the…instruction during a discussion of the proposed instructions in the judge's chambers." 738 F.2d at 167. Thus, this Court reasoned "that this objection was properly preserved for our review" because "the… objection to the…instruction was brought to the attention of the trial judge in timely fashion" Id.

But in Woodbridge, this Court held the objection was not preserved because merely "filing proposed jury instructions which included the omitted language, opposing appellees' summary judgment motions, and orally opposing appellees' motions for a directed verdict" was insufficient since "the trial judge was not made

4

aware of the error about which appellants now complain." 954 F.2d at 1235. Specifically, appellants' counsel made numerous objections at multiple times to other language in the instructions when the district court asked for objections but never "mention[ed] the omission of the language about which appellants now complain." Id. at 1235-36. Similarly, this Court in New Breed held the objection to the instruction was not preserved even though the appellant submitted a proposed instruction because the appellant never mentioned its absence during the charge conference or at any later point. 783 F.3d at 1075. Again, this Court noted that the appellant made objections to other language in the jury instructions but never that particular instruction, indicating that the appellant "did acquiesce to [that] instruction[]." Id.

Jara preserved his objection to the District Court's declination to include failure to interview as an adverse employment action in the jury instructions and verdict form because he submitted proposals for the jury instructions and verdict form including this specific language and discussed his desire for the inclusion with the District Court after submitting. (Pl.'s Proposed Verdict Form, R. 82, Page ID # 1271; Pl.'s Proposed Jury Instrs., R. 83, Page ID # 1284; Appeal Tr. (Trial Vol. I-B), R. 106, Page ID # 1416-22.) After submitting the proposals, the District Court issued an order stating, "the parties are advised that the Court concludes that the failure to give an interview for a promotion - as opposed to the failure to give the promotion -

5

is not a discrete adverse employment action, and the trial (including the jury instructions and the verdict form) shall proceed accordingly." (Order, R. 84.) Before jury selection, the District Court and both parties' counsel discussed the order, and this discussion spans seven pages of the trial transcript (Appeal Tr. (Trial Vol. I-B), R. 106, Page ID # 1416-22.) During this discussion, the District Court re-emphasized that "I issued an order saying that as a matter of law, I am saying failure to get an interview is not independently an adverse employment action." (Id., Page ID # 1416.)

Jara's objection to the jury instructions and verdict form is like Gradsky, where this Court held the objection was preserved when the appellant submitted proposed instructions and written objections to the appellee's instructions, because Jara submitted proposals including the failure-to-interview instructions and extensively discussed the failure-to-interview instruction with the District Court and opposing counsel. 489 F.2d at 503; (Pl.'s Proposed Verdict Form, R. 82, Page ID # 1271; Pl.'s Proposed Jury Instrs., R. 83, Page ID # 1284; Appeal Tr. (Trial Vol. I-B), R. 106, Page ID # 1416-22.) As in Goostree, where this Court held the objection, though not formal, was preserved after the district court specifically refused the instruction, the District Court specifically refused Jara's proposed failure-to-interview instruction by stating that failure to interview was not an adverse employment action "as a

matter of law." 796 F.2d at 862 n. 3; (Appeal Tr. (Trial Vol. I-B), R. 106, Page ID # 1416-22.)

Language this strong is reminiscent of a district court's holding on summary judgment, which can only be overturned on appeal with no formal objection necessary. The extensive discussion before the District Court regarding the failure-to-interview instruction is like <u>Transcontinental Leasing</u>, where this Court held the objection was preserved when counsel raised an informal objection to the instruction during discussions in the judge's chamber since it brought the issue to the judge's attention, because by issuing an order directly to the failure-to-interview instruction and discussing it before jury selection, ***the District Court clearly took notice of Jara's objection.*** 738 F.2d at 167; (Order, R. 84, Appeal Tr. (Trial Vol. I-B), R. 106, Page ID # 1416-22.)

Jara's objection stands in sharp contrast to the unpreserved objections in <u>Woodbridge</u> and <u>New Breed</u>, where the appellants objected to other issues in the instructions but never mentioned the particular instruction with which they were opposing on appeal to the district court, since the District Court discussed the failure-to-interview instruction specifically with counsel. <u>Woodbridge</u>, 954 F.2d at 1235-36; <u>New Breed</u>, 783 F.3d at 1075; (Appeal Tr. (Trial Vol. I-B), R. 106, Page ID # 1416-22.)

7

Jara's objection to the District Court's declination to include the words "real or perceived" in the jury instructions and verdict form is preserved because he submitted a motion to modify the instructions and form before the instructions and form were read to the jury, and the District Court discussed the motion with both parties' counsel. (Pls.' Mot. Modify Jury Instrs., R. 95, Page ID # 1360-62; Appeal Tr. (Vol. IV), R. 109, Page ID # 2051-77.) The discussion spanned twenty-seven pages of the trial transcript, and when the District Court denied the motion, the judge stated, "So obviously, [counsel's] objection to the Court's declination to amend the charge at this late hour is preserved." (Appeal Tr. (Vol. IV), R. 109, Page ID # 2076.) Jara's objection to the District Court's declination to modify the jury instructions or verdict form is even more clear than Gradsky, where this Court held the objection to the instructions was preserved when the appellant submitted proposed instructions and written objections to appellee's instructions, because the District Court engaged in extensive discussion regarding the motion with both parties' counsel and specifically acknowledged Jara's objection as preserved. 489 F.2d at 503; (Appeal Tr. (Vol. IV), R. 109, Page ID # 2051-77.)

Jara's objection vastly differs from the unpreserved objections in Woodbridge and New Breed, where the appellants never mentioned the particular instruction to which they were rejecting on appeal despite objecting to other instructions at the district court level, because Jara filed a motion dedicated to the omitted language,

and the District Court acknowledged the objection as such during the discussion about the language spanning twenty-seven pages. Woodbridge, 954 F.2d at 1235-36; New Breed, 783 F.3d at 1075; (Appeal Tr. (Vol. IV), R. 109, Page ID # 2051-77.)

Under the Sixth Circuit's exception to the general rule that Rule 51 requires formal objections that an objection is preserved if the district court judge is made aware of the error, Jara's objections to the omissions of the failure-to-interview and real-or-perceived instructions are preserved since Jara submitted proposed jury instructions and a motion to modify, with respect to both the District Court held extensive discussions with both parties' counsel, undeniably indicating that the judge was made aware of the error.

### b. Alternatively, the district court committed plain error by denying Jara's proposed jury instructions and jury verdict form because…

Even if an objection to the jury instructions or jury verdict form was not preserved, there is no "jurisdictional bar to review." Reynolds v. Green, 184 F.3d 589, 594 (6th Cir. 1999). Without a preserved objection, the court may also review for plain error. Fed. R. Civ. P. 51(d)(2); see also Moore, 267 Fed. Appx. at 454. "Plain error is an 'obvious and prejudicial' error that requires action by the reviewing court 'in the interests of justice.'" Reynolds, 184 F.3d at 594 (citations omitted).

## **CONCLUSION**

This Court should reverse the jury verdict and find in Plaintiff's favor because three undisputed facts are dispositive, as they point so strongly in favor of the Plaintiff that no reasonable mind could conclude that TSU's failure to promote Plaintiff was not motivated by discrimination based on national origin.

Alternatively, this Court should remand this matter for a new trial for two separate and distinct reasons. First, failure to interview should have been viewed as an adverse employment action. Second, discrimination based on national origin can be either real or perceived national origin, as TSU's focus on decisionmakers not *knowing* where employees were from severely prejudiced Plaintiff.

Respectfully submitted,

/s/ Robert C. Bigelow
Robert C. Bigelow, Esq. #022022 (TN BPR)
BIGELOW LEGAL, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, Tennessee 37215
Telephone: (615) 829-8986
Email: rbigelow@bigelowlegal.com
*Attorney for Plaintiffs-Appellants*

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 2,357 words.
2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word v. 16.72 in 14 pt. Times New Roman.

/s/ Robert C. Bigelow<br>Attorney for Plaintiffs-Appellants

Dated: September 27, 2023

## ADDENDUM OF RELEVANT DISTRICT COURT DOCUMENTS

| RECORD ENTRY NO. | DESCRIPTION OF DOCUMENT | DATE FILED | PAGE ID # |
|---|---|---|---|
| Doc. 106 | Trial Volume I-B of IV | 2/13/23 | #1386-1558 |
| Doc. 107 | Trial Volume II of IV | 2/13/23 | #1559-1808 |
| Doc. 108 | Trial Volume III of IV | 2/13/23 | #1809-2047 |
| Doc. 109 | Trial Volume IV of IV | 2/13/23 | #2048-2093 |
| Plaintiff's Exhibit 23 | TSU Search Policy | 10/17/22 | |
| Plaintiff's Exhibit 29 | Jara Cover Letter and Resume | 10/17/22 | |
| Plaintiff's Exhibit 30 | Jara Transcript | 10/17/22 | |
| Plaintiff's Exhibit 31 | McMurray Application Materials | 10/17/22 | |
| Doc. 82 | Plaintiff's Proposed Verdict Forms | | #1271-75 |
| Doc. 83 | Plaintiff's Proposed Jury Instructions | 10/30/22 | #1276-1290 |
| Doc. 84 | District Court Order Re: Failure to Promote | 10/31/22 | #1291 |
| | | | |

## CERTIFICATE OF SERVICE

I certify that on September 27, 2023, a copy of the foregoing has been uploaded to the Court's e-filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

>Ashley Carter, BPR 27902
>Senior Assistant Attorney General
>Valerie Stoneback
>Assistant Attorney General
>P.O. Box 20207
>UBS Tower, 18th Floor
>Nashville, TN 37202-0207
>(615) 741-8062
>Ashley.Carter@ag.tn.gov
>Valerie.Stoneback@ag.tn.gov

>*Attorneys for Defendant*

/s/ Robert C. Bigelow
Robert C. Bigelow, Esq. (TN BAR #022022)
BIGELOW LEGAL, PLLC
4235 Hillsboro Pike, Suite 301
Nashville, Tennessee 37215
Telephone: (615) 829-8986
Email: rbigelow@bigelowlegal.com
*Attorney for Plaintiffs-Appellants*
